AMANDA MORGANTI, Respondent *v.* THE CITY OF TONAWANDA, Appellant.

Fourth Department, May 18, 1932.

*Roland Baxter*, for the appellant.

*Fred C. Root*, for the respondent.

PER CURIAM. Plaintiff has recovered a judgment against the defendant, a municipal corporation, for damages for personal injuries resulting from a fall on an icy sidewalk within the limits of the defendant corporation.

Certain conditions precedent to the right to maintain an action for damages against the defendant resulting from defects or obstructions in the defendant's streets, are imposed by section 5 of title XVI of chapter 357 of the Laws of 1905 (as amd. by Laws of 1917, chap. 793), being the Charter of the City of Tonawanda. The pertinent parts of this section are as follows: " All claims for injury to person or property alleged to have been caused or sustained by reason of any defects in, want of repair, or obstruction of any of the highways, streets, alleys, sidewalks or crosswalks or public places of the city, shall be presented in writing to the common council within sixty days after the date of such alleged injury. Such statement in writing shall state the time, place, nature, cause and extent of the alleged injuries as far as practicable, and shall be verified by an affidavit of the claimant or his agent or attorney to the effect that the same is true to his knowledge or his best information and belief. The omission to present any such claim in the manner and within the time in this section provided shall be a bar to any action against said city therefor. * * * nor shall the city of Tonawanda be liable for any damage or injury sustained in consequence of defects in, want of repair or obstruction of any of the highways, streets, alleys, sidewalks, crosswalks or public places in the city unless actual notice of the defects in, want of repair or obstruction of the said highways, streets, alleys, sidewalks, crosswalks or public places shall have been given to the mayor, common council, superintendent of public works, or any regular policeman at least forty-eight hours previous to such damage or injury."

The claim filed by the plaintiff wholly failed to state the " nature " and " extent " of the alleged injuries. Its language is as follows: " That the injuries sustained resulted in damage as specified in the statement hereto annexed. That the said injuries resulted in damage to the undersigned at least to the extent of two thousand dollars * * *." According to the record no statement was

annexed to the claim. We find here a complete failure to comply with the terms of the statute.

In addition there is an absence of proof of actual notice of the obstruction or defective condition which caused the injury " given to the mayor, common council, superintendent of public works, or any regular policeman " at least forty-eight hours before the injury. Constructive notice under this statute is not enough. Probably proof of actual knowledge by any of the officers mentioned would establish compliance with the statute so far as it requires that notice be given. but knowledge by any of the persons mentioned was not proved. A similar question was before the court in *Clayton* v. *City of Niagara Falls* (227 App. Div. 646; affd., 252 N. Y. 595) and in *Wall* v. *Village of Albion* (225 App. Div. 725).

For these reasons the judgment must be reversed. However, we grant a new trial rather than dismiss the complaint because it may be shown on another trial that a statement of the nature and extent of the injuries was in fact annexed to the claim filed, and that notice of the defect or obstruction was given to one of the persons named in the statute at least forty-eight hours before the injury.

The judgment should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.